# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP CARPENTER**, : | CIVIL ACTION NO. 1:08-CV-2233 |
| Plaintiff : | (Judge Conner) |
| v. : | |
| **SUPERINTENDENT KLOPTOSKI**, : et al., : | |
| Defendants : | |

## MEMORANDUM

This civil rights action is presently proceeding via an amended complaint filed on July 22, 2009. (Doc. 39.) Presently before the court are plaintiff's "Motion[s] to quash/object to defendant's subpoena for production of documents [directed to a non-party]." (Docs. 63-64.) Specifically, plaintiff seeks to quash defendant Dr. Jesse's subpoena seeking disclosure of plaintiff's medical and mental health records and grievance documents. For the reasons set forth below, the motions will be granted in part and denied in part.

## I. Background

Plaintiff, a Pennsylvania state inmate incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"), alleges that defendant "Dr. Jesse unreasonably and wilfully denied plaintiff adequate and competent psychological treatment in that she showed deliberate indifference to the plaintiff's psychological needs, and denied plaintiff due process in justifying the taking of plaintiff's single cell in retaliation for plaintiff's pursuit of legal remedies. Dr. Jesse failed in her moral and

contractual agreements to provide care and as such is liable." (Doc. 36, at 1, ¶ 1; at 14, ¶ 23.)

**II.   Discussion**

   A.   Standing

Defendant first argues that plaintiff lacks standing to challenge the subpoena. While a motion to quash or modify a subpoena, in general, must be brought by the individual to whom it was directed, there is an exception that provides a party standing when he or she seeks to quash or modify the non-party subpoena on the basis of a privilege or privacy interest in the subpoenaed information. See Thomas v. Marina Associates, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). Plaintiff argues that his medical and mental health records and grievance documents are privileged and confidential. Consequently, he has standing to challenge the subpoena.

   B.   Plaintiff's Grounds for Quashing the Subpoena

Plaintiff raises three arguments in attempting to quash the subpoena. He first seeks to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), which states that the court must quash a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles. . . ." His second argument is that because the records sought are privileged and confidential, the subpoena should be quashed as provided in Federal Rule of Civil Procedure 45(c)(3)(A)(iii) (requiring a court to quash or modify a subpoena when it requires disclosure of privileged or other protected matter, if no exception or waiver

2

applies). Finally, he argues that the request for "every" grievance will produce documents that are irrelevant and prejudicial.

    C.        <u>Federal Rule of Civil Procedure 45(c)(3)(A)(ii)</u>

To the extent that plaintiff seeks to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), because it "requires a person who is neither a party nor a party's officer to travel more than 100 miles . . . ," the motion will be denied based on defendant's representation that no travel was required and that the documents have already produced *via* the mail.[1] (Doc. 65, at 2.)

    D.        <u>Federal Rule of Civil Procedure 45(c)(3)(A)(iii)</u>

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) mandates a court to quash or modify a subpoena when it requires disclosure of privileged or other protected matter, if no exception or waiver applies. Plaintiff contends that his medical[2] and

---

[1] Upon receipt, defense counsel sequestered the documents. Counsel represents that the documents will not be reviewed until such time as this court rules on plaintiff's motions to quash. Doc. 65, at 2.)

[2] Plaintiff does not point to any statutory authority. However, privilege with respect to medical records is found at 42 PA. CONS. STAT. ANN. § 5929 which states that "No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries."

mental health records[3] and his grievance documents are privileged and confidential and should not be released without his authorization. (Doc. 64, at 2.)

A claim of privilege is not absolute because it does not only depend on the statutory or constitutional ground. Thorne v. Universal Properties, No. 86-0333, 1987 WL 7683, at *1 (E.D. Pa. March 10, 1987). The privilege must be weighed against countervailing interests in order to insure the "fairness and integrity of the judicial system." O'Boyle v. Jensen, 150 F.R.D. 519, 522 (M.D. Pa. 1993). Significantly, one cannot pursue a claim against the defendant for injuries related to their medical condition while blocking access to treatment records that are potentially relevant to the issues being litigated. See Leslie v. Brames, 682 F. Supp. 608, 609-10 (D.Me. 1988); Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983).

Various federal courts in interpreting Pennsylvania law have opined that the statutory privilege is waived when the confidential information is placed in issue in a civil action. Mullholland v. Dietz, 896 F. Supp. 179 (E.D. Pa. 1994); O'Boyle, 150 F.R.D. 519; Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140 (E.D. Pa. 1993); Thorne, 1987 WL 7683 at *1 (E.D. Pa. March 10, 1987). The filing of the suit functions as an

---

[3]Although not specified by plaintiff, it is assumed that with respect to his mental health records, he is relying on 42 PA.CONS. STAT. ANN. § 5944, which provides in relevant part that "No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client."

4

implied waiver of privilege. Premack, 148 F.R.D. at 145 (E.D. Pa. 1993) (Plaintiff implicitly waived psychologist-patient privilege pursuant to 42 Pa. Cons. Stat. § 5944 (Supp. 1993). It is clear that plaintiff is litigating claims which directly relate to medical and mental health treatment. Hence, the motion to quash will be denied with respect to these records.

Plaintiff also challenges the release of his grievance records on the grounds of privilege and confidentiality. Again, he fails to cite to any legal authority that would demonstrate that the records generated through an inmate's use of the prison grievance process are privileged or confidential. Notably, the Inmate Grievance System (DC-ADM 804), contains no language indicating that grievances would be handled in a confidential manner. But see, Salvador v. Brown, No. 04-3908, 2005 WL 2086206, at *1 (D. N.J. August 24, 2005) (noting that the New Jersey Administrative Code contains an Inmate Handbook that details the Inmate Grievance and Tracking Program, which is a four-step process designed "to provide a direct and confidential route for inmates to make the administration aware of their problems and concerns.") Consequently, the motion will be denied on this ground.

In addition, he seeks to limit the scope of the subpoena to those grievances relevant to the action. (Doc. 63, a 2.) The relevancy argument is discussed in subsection "E. Relevancy," *infra*.

5

E.  Relevancy

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 349 U.S. 495, 501 (1947). The polestar of discovery is relevance to a claim or defense. Federal Rule of Civil Procedure 26(b)(a) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.2d 57, 65 (3d Cir. 2000).

The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Kanaji v. Phila. Child Guidance Center of Children's Hospital, No. 99-937, 2001 WL 708898 (E.D.Pa. Jun. 20, 2001). The mere statement that a discovery request is 'overly broad, burdensome oppressive and irrelevant' is not adequate to voice a successful objection. Berry v. Rite Aid Corporation, No. 00-0049, 2001 WL 527815, at * 1 (E.D. Pa. May 16, 2001); Barnes Foundation v. Township of Lower Merion, No. 96-372, 1996 WL 673114, at *2 (E.D. Pa. Nov. 1, 1996).

Plaintiff contends that the subpoena requests "'every' grievance that the plaintiff has filed since his incarceration . . . " and that "every" grievance is not related to matters raised in this action. (Doc. 63, at 2.) He asks that the "subpoena be limited to only those grievances having a direct bearing on the case at hand and relating directly to the claims presented against the defendant. To do otherwise would be prejudicial to the plaintiff." (Id.)

According to the amended complaint, plaintiff has been incarcerated at SCI-Dallas since 1986. (Doc. 39, at 1, ¶ 1.) Clearly, a subpoena that requests every grievance that he has filed since the inception of his incarceration is overly broad in scope and will include information irrelevant to this action. Consequently, the subpoena will be quashed to the extent that it requests "every" grievance. Counsel for defendant will be directed to return all grievances produced. However, counsel will be afforded the opportunity to rephrase the request for grievances and serve a new subpoena.

### III. Conclusion

Based on the foregoing, the motions to quash (Docs. 63, 64) will be granted in part and denied in part.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: January 8, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP CARPENTER**, | : | CIVIL ACTION NO. 1:08-CV-2233 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT KLOPTOSKI**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 8th day of January, 2010, upon consideration of plaintiff's motions to quash (Docs. 63, 64), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's motion to quash (Doc. 64) defendant's subpoena with respect to plaintiff's medical and mental health records is DENIED.

2. Defendant Jesse shall provide to plaintiff, on or before January 29, 2010, copies of all medical and mental health records received pursuant to the subpoena.

3. Plaintiff's motion to quash (Doc. 63) the portion of defendant's subpoena requesting "every" grievance is GRANTED. Defendant shall return all grievance documents produced pursuant to the subpoena forthwith.

4. Defendant may, if she chooses, rephrase the request for grievances in a manner consistent with the court's memorandum and serve a new subpoena on or before January 22, 2010

5. In the event that a new subpoena is served, defendant Jesse shall provide to plaintiff, in a timely manner, any and all grievances received pursuant to the new subpoena.

6. The motions are DENIED in all other respects.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge