# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP CARPENTER**, | : CIVIL ACTION NO. 1:08-CV-2233 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **SUPERINTENDENT KLOPTOSKI**, et al., | : |
| Defendants | : |

## MEMORANDUM

Plaintiff Philip Carpenter ("Carpenter" or "plaintiff"), a state inmate incarcerated at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), commenced this civil action on December 15, 2008. The matter is presently proceeding *via* an amended complaint filed on July 22, 2009. (Doc. 39.) Ripe for disposition is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed on behalf of defendant Dr. Jane Jesse ("Jesse"). (Doc. 140). For the reasons set forth below, the motion will be granted.

## I.   Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P.

56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

The pertinent portions of the Middle District of Pennsylvania Local Rules of Court, which are set forth in the Standing Practice Order served upon plaintiff on December 15, 2008 (Doc. 7), provide that, in addition to filing a brief in response to the moving party's brief in support, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . , as to which it is contended that there exists a genuine issue to be tried."  See M.D. Pa. LR 56. 1.  The rule further states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.  See id.  In addition to being notified of the rule *via* the Standing Practice Order, plaintiff was directed to this local rule requirement and ordered to file a statement of material facts responding to defendant's statement on April 22, 2011.  (Doc. 162)  Although Carpenter submitted a statement of facts (Doc. 168), the statement is not in compliance with the Local Rules of Court.  Specifically, he failed to include a separate, short and concise statement of material facts

responding to the numbered paragraphs set forth in the statement of material facts filed by defendant. Carpenter filed a fifteen-page statement of facts containing fifty-six paragraphs which do not correspond in any manner with the twenty-nine paragraphs of facts set forth in defendant's statement and are largely irrelevant to the claims against defendant Jesse. (Doc. 142, at 1-5; Doc. 168, at 1-15.) Because plaintiff has failed to file a separate statement of material facts controverting the statement filed by defendant, all material facts set forth in defendant's statement (Doc. 142) will be deemed admitted.

## II. Statement of Material Facts

Carpenter has been incarcerated at SCI-Dallas, and housed on F-Block for the past twenty-five years. (Doc. 39, at 1.) In February, 2009, he was informed that his single cell, or Z code, status would be revoked. (Doc. 168, ¶ 36.) He does not know who revoked his Z code status. (Doc. 164-1, at 20.) Complaints and requests to prison administration concerning the revocation led to two separate interviews with defendant Jesse, a psychiatrist under contract who provided psychiatric services to inmates at SCI-Dallas. (Doc. 142, at ¶ 3; Doc. 168, ¶ 42.)

He was first interviewed on March 16, 2009. (Doc. 142, at ¶ 11.) At that time, defendant Jesse noted that Carpenter said "I don't want to lose my Z-code." (Id. at ¶ 11.) He indicated that he had an extensive psychiatric history. (Id. at ¶ 12.) Defendant Jesse noted that he was alert and oriented times three and in no acute distress. (Id. at ¶ 13.) "His thoughts were goal directed, his mood was frustrated and his affect was congruent." (Id. citing Exhibit "B.") He was clearly concerned

3

about the Z-code issue. (Id.) Defendant Jesse concluded that he was "stable psychiatrically" and informed Carpenter that he should speak to the security staff regarding his single cell status issue. (Id. at ¶ 14.)

Carpenter saw defendant Jesse again on April 3, 2009. At that time, he presented her with medical and psychological records from 1984. (Doc. 140, at 11; Doc. 168, at ¶ 46; Doc. 164-1, at 19.) He accused her of taking away his Z code status and reported being unhappy because he had been double-celled for a week. (Doc. 142, ¶¶ 15-16.) He stated that he didn't deserve this because the "policy says rape victims can be single celled." (Id. at ¶ 16.) He informed her that Dr. Bohinski refused to see him and he felt that they were "playing games" with him. (Id.) He also reported that he "last had psych help in the 80s." (Id. at ¶ 17.) Defendant Jesse observed that he had a negative attitude and was mad about losing the Z code status and having a cell mate. (Doc. 140, at 11.) She explained that he would not maintain a single cell status based on a psychiatric condition. (Doc. 142, ¶ 20.) He demanded that defendant Jesse pull up his old records and that she "owed it to him." (Id.) As the interview progressed, Carpenter became more angry and demanding and insisted that defendant Jesse and security were playing with him. (Doc. 140, at 11.) Defendant Jesse concluded that there was no evidence of psychosis, that Carpenter was "stable psychiatrically," and that there was no need for medication or for a follow-up meeting. (Id.) She reiterated to plaintiff that if he felt that strongly about the Z code issue, he should either pursue legal measures or revisit the issue with the security staff. (Doc. 142, ¶ 22.)

4

Defendant Jesse reviewed plaintiff's medical records in conjunction with her evaluations of plaintiff and concluded that he did not have a serious medical need that required single cell status. (Doc. 142, at ¶¶ 9-10.) She indicates that she has no power to direct how inmates are celled; Carpenter believes that defendant Jesse, in her capacity as a doctor, has the authority to make the ultimate decision regarding inmate's cell status. (Id. at ¶ 7; Doc. 164-1, at 20.) Although defendant Jesse is required to exercise her professional judgment in determining whether an inmate's mental health requires single cell status, she can only make a recommendation to The Pennsylvania Department of Corrections ("DOC:). (Id. at ¶ 8.) The DOC is solely responsible for inmate cell assignments. (Doc. 142, at ¶ 7.)

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States,

5

and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A.     Fourteenth Amendment Due Process

Carpenter contends that his due process rights were violated when he "was removed from his single cell status without ever having had a competent or meaningful review as required by DOC policy which mandated that persons suffering from mental illnesses be reviewed by Psychiatric Staff prior to having his status removed." (Doc. 181, at 1-2.) Prison conditions do not impact a protected liberty interest unless they result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 483(1995). "[L]iving in a double-cell is an expected ordinary incident of prison life, [ and] retaining single-cell status is not a protected liberty interest." Austin v. Chesney, No. 93-4010, 1995 WL 498720, at *3 (E.D. Pa., Aug. 22, 1995.) Carpenter, therefore, has no Fourteenth Amendment right to be housed in a single cell and his right to due process is not offended by any decision to place him in a cell with another inmate. Defendant's motion for summary judgment will be granted as to this claim.

### B.     Eighth Amendment Medical Claim

Carpenter asserts that defendant Jesse was deliberately indifferent to his medical need to maintain his single cell status because she knew that he "had been physically abused, was elderly and infirm, and suffering from psychological

illnesses that were well documented since on the second interview he presented the documentation of his records himself to show the defendant." (Doc. 161, at 6.)

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

Significantly, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference, and "mere disagreements over medical judgment do not state Eighth Amendment claims." White, 897 F.2d at 110.

"Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Carpenter's complaints about the revocation of his single cell status led to two psychiatric evaluations. At the conclusion of the first evaluation, defendant Jesse concluded that Carpenter was "stable psychiatrically" and informed him that he should speak to the security staff regarding his single cell status issue. Likewise, the second evaluation resulted in a conclusion that there was no evidence of psychosis, that Carpenter was "stable psychiatrically," and that there was no need for medication or for a follow-up evaluation. On both occasions, he expressed distress over the revocation of his single cell status and was seeking defendant Jesse's assistance in having it reinstated.

It is clear that Carpenter's interactions with defendant Jesse were limited to his attempts to reinstate his Z code status, not to seek treatment. Defendant Jesse concluded that a single cell assignment was not medically necessary and the record is devoid of any evidence to the contrary. While plaintiff disagrees with this conclusion, there is no indication that he was denied medical treatment. See Spruill, 372 F.3d at 218. Defendant's motion will be denied on this claim.

**IV.** **Conclusion**

Based on the foregoing, defendant's motion for summary judgment (doc. 140) will be granted.

An appropriate order will issue.

                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

Dated:        March 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP CARPENTER**, | : | CIVIL ACTION NO. 1:08-CV-2233 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT KLOPTOSKI**, et al., | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this day of 16th day of March, 2011, upon consideration of defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 140), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendant's motion for summary judgment is GRANTED in favor of defendant Jesse and against plaintiff.

2. Entry of judgment is DEFERRED pending final resolution of this matter.

3. The Clerk of Court is directed to NOTE on the docket that defendant Jesse is terminated.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge